IN THE SUPREME COURT OF NORTH CAROLINA

No. 66A16

Filed 23 September 2016

STATE OF NORTH CAROLINA

v.

SHAMELE COLLINS

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, ___ N.C. App. ___, 782 S.E.2d 350 (2016), finding no error in the trial court's denial of defendant's motion to suppress, but vacating the judgment entered on 8 September 2014 by Judge William Z. Wood in Superior Court, Forsyth County, and remanding for resentencing. Heard in the Supreme Court on 29 August 2016.

*Roy Cooper, Attorney General, by Douglas W. Corkhill, Special Deputy Attorney General, for the State.*

*Erik R. Zimmerman for defendant-appellant.*

PER CURIAM.

This matter is before the Court based upon a dissent at the Court of Appeals. *State v. Collins*, ___ N.C. App. ___, ___, 782 S.E.2d 350, 360-62 (2016). The majority at the Court of Appeals upheld the trial court's denial of defendant's motion to suppress evidence seized at the time of his arrest, concluding, *inter alia*, that "defendant failed to raise the timing of [the police officer's] observation of powder on

the floor" before the trial court. *Id.* at ___, 782 S.E.2d at 358. We agree that defendant failed to preserve his timing argument for appeal because he did not raise this argument before the trial court. *See State v. Eason*, 328 N.C. 409, 420, 402 S.E.2d 809, 814 (1991) ("In order to preserve a question for appellate review, a party must have presented the trial court with a timely request, objection or motion, stating the specific grounds for the ruling sought if the specific grounds are not apparent." (citing N.C. R. App. P. 10(b) (recodified 2009 as N.C. R. App. P. 10(a)(1)). We therefore modify and affirm the decision of the Court of Appeals solely on this ground. The remaining issue addressed in the majority opinion of the Court of Appeals concerning defendant's right to be present at sentencing is unchallenged and unaffected by our decision.

MODIFIED AND AFFIRMED.